**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navy Federal Credit Union, | No. CV-24-01699-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Travis McEntire and Wendy Armstrong, | |
| Defendants. | |

Plaintiff Navy Federal Credit Union ("Plaintiff") has filed a Motion for Interpleader Deposit. (Doc. 6). Plaintiff seeks leave to deposit with this Court the sum of $201,994.78, pursuant to Federal Rule of Civil Procedure 67(a) (allowing for disputed funds to be deposited in the Court's registry "on notice to every other party and leave of court."). The Court will grant Plaintiff's Motion and allow it to deposit this sum with the Court's registry for the following reasons.

**I.    Background**

This action arises from a dispute among two siblings regarding their mother's bank accounts. (*See* Doc. 1). Plaintiff's Complaint alleges the following:

Plaintiff is a not-for-profit credit union. (*Id*. at ¶ 1). One of its customers, Kayleen McEntire Weyer ("Decedent") has passed away, leaving behind $206,715.86. (*Id*. at ¶ 10). Decedent has two children involved in a dispute: Travis McEntire ("Decedent's son"), who is named as the beneficiary to these accounts, and Wendy Armstrong ("Decedents daughter"), who is not. (*Id*. at ¶¶ 2–3). Decedent designated her son as the Payable on

1 Death Beneficiary of her accounts held with Plaintiff. (*Id*. at ¶ 16). Decedent executed various wills within the last few years, with her latest will being executed on August 14, 2023. (*Id*. at ¶ 15). Decedent and her spouse, Clarence Weyer, established a trust providing for the division of trust property upon the death of the survivor trustee giving a 50% share to Decedent's son and daughter. (*Id*. at ¶ 14). This trust was also amended after Decedent's spouse died. (*Id*. at ¶ 15).

Decedent passed away on January 26, 2024, and Plaintiff states that Decedent's daughter contacted it alleging that: "(a) [Decedent's son] may have improperly used the Decedent's debit card; (b) the Decedent may have been pressured to sign the change in beneficiary designation and Payable on Death Designation; and (c) a police report had been filed related to [Decedent's son's] alleged treatment of the Decedent's finances." (*Id*. at ¶¶ 18–19). Decedent's daughter also informed Plaintiff that she was going to contest the disbursement—upon which Plaintiff notified Decedent's son that it could not proceed with settlement of the Decedent's accounts. (*Id*. at 21). Decedent's son threatened to contact the FBI and the media. (*Id*. at ¶ 22). Plaintiff has encouraged Decedent's children to reach some sort of settlement, but they have not. (*Id*. at ¶¶ 23–25). Now, fearful to being subject to double liability, Plaintiff has filed an interpleader action and seeks to deposit the proceeds from the Decedent's accounts with the Clerk of this Court and be discharged of liability. (*Id*. at ¶¶ 26–29). Plaintiff also seeks to recover its attorneys' fees and costs related to this matter. (*Id*. at ¶ 30).

**II.    Deposit of Disputed Funds**

Plaintiff asks the Court for an Order instructing it to "deposit the funds from the Decedent's [] accounts into the registry of the Court for future disbursement according to the judgment of this Court." (Doc. 6 at 1). Plaintiff seeks such an Order under 28 U.S.C. § 1335, Federal Rules of Civil Procedure 22 and 67, as well as Local Rule of Civil Procedure 67.1. (*Id*.).

"Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the

- 2 -

stakeholder) to join in a single suit two or more claimants asserting mutually exclusive claims to that stake." *Metro. Life Ins. Co. v. Reynolds*, 2013 WL 6048808, at *2 (D. Ariz. Nov. 15, 2013) (citing *Nevada v. Pioneer Cos., Inc.*, 245 F Supp.2d 1120, 1125 (D. Nev. 2003)). Interpleader is designed to protect the stakeholder "against the problems posed by multiple claimants to a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)). An "[i]nterpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

An interpleader action usually proceeds in two stages: first, the court determines whether the interpleader action is appropriate. *Reynolds*, 2013 WL 6048808, at *2. If so, the Court "may order the plaintiff to deposit the disputed funds, discharge the plaintiff, and direct the claimants to interplead." *Id*. Second, the Court "adjudicates the defendants' competing claims to the interplead funds, and the action usually proceeds as any other civil action." *Id*. (citing *Wells Fargo Bank, N.A. v. Magellan Owners Ass'n*, 2010 WL 46794, at *2 (D. Ariz. Jan. 4, 2010)).

Plaintiff has demonstrated that this action is appropriate. *QBE Specialty Ins. Co. v. Kane as Tr. for Hawaii Island Air, Inc.*, 653 F. Supp. 3d 780, 790 (D. Haw. 2023). Interpleader is appropriate, where, as here, a plaintiff has filed a motion alleging that there are competing claims to a single fund. *See id*. ("Interpleader is proper [when] there is a single fund at issue [and] adverse claimants to that fund."); *Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1261 (W.D. Wash. 2018) ("Interpleader is proper when a stakeholder has at least a good faith belief that there are present or prospective colorable competing claims to the stake."). A plaintiff need only show that it has a "real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Michelman v. Lincoln Nat. Life Ins. Co*., 685 F.3d 887, 894 (9th Cir. 2012). To do this, it can "merely demonstrate that potential adverse claims meet 'a minimal threshold level of substantiality.'" *QBE Specialty*, 653 F. Supp. 3d at 790. A party may initiate an

interpleader "even if some or all of the claims against the stake are prospective." *Ridgway*, 293 F. Supp. 3d at 1260.

The Court finds that Plaintiff has demonstrated it may face exposure to double liability due to competing claims for funds it is holding on behalf of Decedent. *Michelman*, 685 F.3d at 894. Plaintiff has alleged that Defendant Armstrong contacted it because she believed that Defendant McEntire may have improperly used the Decedent's debit card, that he pressured Decedent to sign the change in beneficiary designation and Payable on Death Designation and that a police report had been filed related to Defendant McEntire's alleged treatment of the Decedent's finances. (Doc. 1 at ¶ 19). Plaintiff also notes that, after Decedent's death, Defendant McEntire sought to withdraw the funds from Decedent's Accounts and informed Plaintiff that Defendant Armstrong had been removed from the Decedent's will and trust. (*Id*. at ¶ 20). These facts demonstrate that Plaintiff could be subject to multiple liability as well as the expense of multiple litigation. *See Bayona*, 223 F.3d at 1034. Thus, this interpleader action is appropriate under Section 1335. *Reynolds*, 2013 WL 6048808, at *2.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 6) seeking to deposit the disputed Navy Federal Weyer accounts into the Court's registry is **GRANTED**. Plaintiff must deposit the funds from the Navy Federal Weyer accounts, totaling $201,994.78, plus applicable interest, into the Court's registry.

**IT IS FURTHER ORDERED** that Plaintiff may file a Motion for Attorney's Fees **within thirty (30) days** of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     **IT IS FINALLY ORDERED** that when the disputed funds are deposited with the
2 Clerk of Court, Plaintiff shall file a Notice of Deposit, after which Plaintiff will be
3 dismissed from this action. The Defendants are hereby ordered to interplead their claims.
4     Dated this 25th day of September, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge

cc: Finance